Kevin Lussier (State Bar No. 143821)
*klussier@veatchfirm.com*
VEATCH CARLSON, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
Tel: (213) 381-2861; Fax: (213) 383-6370

John P. Margiotta (*pro hac vice* application to be filed)
*jmargiotta@fzlz.com*
Emily Weiss (*pro hac vice* application to be filed)
*eweiss@fzlz.com*
Sydney Kipen (*pro hac vice* application to be filed)
*skipen@fzlz.com*
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, NY 10036
Tel: (212) 813-5900; Fax: (212) 813-5901
*Attorneys for Plaintiffs*
**VAN CLEEF & ARPELS, S.A.; VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

VAN CLEEF & ARPELS, S.A.; VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.,

Plaintiffs,

v.

TRU'S DIAMONDS,

Defendant.

**CASE NO.: 8:19-cv-550**

**COMPLAINT FOR:**

(1) Counterfeiting and Trademark and Trade Dress Infringement, 15 U.S.C. § 1114(1);

(2) Unfair Competition, 15 U.S.C. § 1125(a); and

(3) Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont North America, Inc. (collectively "Van Cleef & Arpels," "VCA," or "Plaintiffs"), for their Complaint against defendant Tru's Diamonds ("Defendant"), allege as follows:

**Substance of the action**

1. All of the claims asserted herein arise out of and are based on Defendant's unlawful promotion, distribution, and sale of jewelry products that use imitations of Plaintiffs' federally registered trade dress.

2. Plaintiffs bring claims for trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California State Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiffs seeks injunctive and monetary relief.

**Jurisdiction and Venue**

3. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiffs' state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's principal place of business is in California.

5. Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

**The Parties**

6. Plaintiff Van Cleef & Arpels, S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 8 Route des Biches, 1752 Villars-sur-Glane, Switzerland.

7. Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 645 Fifth Avenue, New York, New York 10022. Van Cleef & Arpels, a division of Richemont North America, Inc. is the exclusive distributor of Van Cleef & Arpels products in the United States.

8. For the purposes of this Complaint, except where specified, the interests of Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont North America, Inc., herein are as a practical matter identical, and they are herein referred to individually and collectively as “Van Cleef & Arpels” or “VCA.”

9. Upon information and belief, Defendant Tru’s Diamonds, is an entity organized and existing under the laws of the State of California, having a principal place of business at 9200 Bolsa Ave, #214, Westminster, California 92683.

## Facts Common to All Claims

### I. VAN CLEEF & ARPELS

A. The VAN CLEEF & ARPELS Brand and Business

10. VCA is a world-famous supplier of fine jewelry sold under the VAN CLEEF & ARPELS brand name. Since its inception in France in 1906, VCA and its predecessors-in-interest have been known for their innovative, high-quality fine jewelry. VCA’s products appeal to the luxury goods market and are considered extraordinarily fashionable.

11. VCA’s products are sold only in company-owned stores, in authorized specialty retail stores, and in authorized department stores. VCA currently operates twelve boutiques under the VAN CLEEF & ARPELS name in the United States, including its famous New York City boutique located on the corner of 57th Street and 5th Avenue.

B. <u>VCA's Alhambra Collection and Related Intellectual Property Rights</u>

12. One of VCA's most well-known and sought-after jewelry designs is known as the "Alhambra." VCA's Alhambra collection was developed in France in the late 1960s and features a quatrefoil motif.

13. To this day, VCA offers a collection of jewelry based on its first Alhambra design, which is now referred to as the "Vintage Alhambra" collection to distinguish it from later variations on the original design. Examples from the Vintage Alhambra collection are pictured below:





14. Over time, VCA has introduced several variations of the original Alhambra design. One such variation is the "Magic Alhambra" collection. Examples from the Magic Alhambra collection are pictured below:





15. Another such variation is the "Lucky Alhambra" collection. Examples from the Lucky Alhambra collection are pictured below:



16. Most of the pieces in VCA's Vintage Alhambra, Magic Alhambra, and Lucky Alhambra collections incorporate a distinctive quatrefoil design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of VCA's Alhambra collections (the "Alhambra Trade Dress"). A close-up of an example of the Alhambra Trade Dress is depicted below:



17. The Alhambra Trade Dress cannot be described perfectly in words. However, the Alhambra Trade Dress consists of the configuration of a quatrefoil-shaped ornament comprising:

1. four identical lobes;
2. each lobe having a semicircular shape;
3. the lobes having both left-right and top-bottom symmetry;
4. an outer band;
5. having a constant width;
6. the outer surface of the band defining the contour of the ornament;
7. the inner surface of the band defining an inner or central portion;

8. having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

9. the inner portion;

10. having a quatrefoil shape defined by the inner surface of the outer band; and

11. which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

18. For decades and continuing through today, VCA has made widespread and exclusive use of the iconic Alhambra Trade Dress. VCA has invested a considerable amount of time, effort, and money advertising and promoting its jewelry and watch products bearing the Alhambra Trade Dress and has enjoyed enormous success selling such products in the United States and around the world. Products bearing the Alhambra Trade Dress have received extensive unsolicited media coverage due to their innovative and distinctive design and their popularity with many high-profile celebrities.

19. By virtue of extensive sales, advertising, and promotion, the Alhambra Trade Dress has become instantly recognizable to the public as exclusively denoting VCA and signaling the high quality of its products. As such, the Alhambra Trade Dress has obtained secondary meaning and is an enormously valuable asset of VCA.

20. In addition to VCA's extensive and strong common law rights in the Alhambra Trade Dress, Plaintiff Van Cleef & Arpels, S.A owns the following federal registrations for the Alhambra Trade Dress:

| *Mark* | *Reg. No.* | *First Use* | *Registered Goods* |
|---|---|---|---|
|  | 4,326,883 | 1968 | Jewelry |
|  | 4,763,030 | 1968 | Jewelry; rings; pendants; earrings; necklaces; bracelets |

21. Printouts detailing the registration information for the above trade dresses are attached hereto as Exhibit A. These registrations are all valid, subsisting, and in full force and effect. Moreover, Registration No. 4,326,883 has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serves as conclusive evidence of the validity of the registered trade dress, of the registration of the trade dress, and of VCA's exclusive right to use the trade dress in commerce on or in connection with the products for which the trade dress is registered, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

## II. DEFENDANT'S UNLAWFUL ACTIVITIES

22. On information and belief, Defendant is in the business of offering for sale and selling various jewelry. Defendant operates Tru's Diamonds in Westminster, California.

23. On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported and/or exported jewelry pieces that bear imitations of the Alhambra Trade Dress, but were not manufactured, authorized, or approved by VCA.

24. In January 2019, Plaintiffs' agents visited Defendant's jewelry store where they observed numerous jewelry pieces bearing imitations of the Alhambra Trade Dress, including earrings, necklaces, and rings. Among the imitation Alhambra jewelry pieces observed by VCA's agent were the pieces shown below:









25. Plaintiff's agents purchased one of the sets of imitation earrings, shown below, for $670.




26. On information and belief, Defendant has sold jewelry pieces that bear imitations of the Alhambra Trade Dress to customers other than VCA's agents.

27. On information and belief, Defendant's activities are being done willfully, with the knowledge that its jewelry is copied from and/or based upon VCA's collections, and Defendant holds out its products as such.

28. Defendant is not related to or affiliated with VCA in any way. Defendant has not sought or received a license or authorization from VCA for any purpose whatsoever, including for the acts described herein.

29. Defendant's sale of infringing products unlawfully wrests from VCA control over its reputation and is unjustly enriching Defendant.

30. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to VCA and its business and goodwill unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**

**INFRINGEMENT OF REGISTERED TRADE DRESS IN VIOLATION OF 15 U.S.C. § 1114(1)**

31. VCA repeats and incorporates herein by reference each of the foregoing allegations.

32. The Alhambra Trade Dress is used in commerce, is non-functional, and has acquired secondary meaning as the indicator of VCA as the exclusive source of products containing or incorporating such design.

33. Defendant has adopted the Alhambra Trade Dress and has, without VCA's authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress that is the subject of U.S. Registration Nos. 4,326,883 and 4,763,030 or designs that are confusingly similar thereto.

34. Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and

VCA, and/or as to VCA's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

35. As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

37. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF:**

**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

38. VCA repeats and incorporates herein by reference each of the foregoing allegations.

39. The Alhambra Trade Dress is used in commerce, is non-functional, and has acquired secondary meaning as the indicator of VCA as the exclusive source of products containing or incorporating such design.

40. Defendant has adopted the Alhambra Trade Dress and has, without VCA's authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress or designs that are confusingly similar thereto.

41. Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and VCA, and/or as to VCA's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

42. As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

44. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**

**UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.***

45. VCA repeats and incorporates herein by reference each of the foregoing allegations.

46. Defendant's aforesaid conduct constitutes unfair competition with VCA in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

47. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

a) Imitating, copying, or making unauthorized use of the Alhambra Trade Dress, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the Alhambra Trade Dress or any other design that is confusingly similar to the Alhambra Trade Dress;

b) Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with VCA or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with VCA, is a genuine product of VCA, or is authorized, licensed, sponsored, or otherwise approved by VCA;

c) Engaging in any other activity constituting unfair competition with VCA, or constituting an infringement of the Alhambra Trade Dress; and

d) Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(c) above, inclusive.

2. Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

3. Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to them.

4. Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Granting Plaintiffs all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled pursuant to 15 U.S.C. § 1117.

violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to them.

4. Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Granting Plaintiffs all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled pursuant to 15 U.S.C. § 1117.

6. Granting Plaintiffs all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above pursuant to 15 U.S.C. § 1117.

7. Granting Plaintiffs punitive damages.

8. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

10. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

Dated: March 20, 2019

Respectfully submitted,

VEATCH CARLSON, LLP

By: *Kevin R. Lussier*

Kevin R. Lussier
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
Tel: (213) 381-2861; Fax: (213) 383-6370
Email: klussier@veatchfirm.com

-and-

John P. Margiotta (*pro hac vice* to be filed)
Emily Weiss (*pro hac vice* application to be filed)
Sydney Kipen (*pro hac vice* application to be filed)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, NY 10036
Tel: (212) 813-5900; Fax: (212) 813-5901
Email: *jmargiotta@fzlz.com*
*eweiss@fzlz.com*
*skipen@fzlz.com*

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

In compliance with Central District of California Local Rule 38, plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont North America hereby demand a trial by jury as to all claims for relief asserted in this Complaint that may properly be tried to a jury.

Dated: March 20, 2019

VEATCH CARLSON, LLP

By: /s/ *Kevin R. Lussier*

Kevin R. Lussier

*Attorney for Plaintiffs*

VAN CLEEF & ARPELS, S.A.; VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.