JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VAN CLEEF & ARPELS, S.A. and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRU'S DIAMONDS, <br><br> Defendant. | Case No. 8:19-cv-00550-JLS-ADS <br><br> **FINAL ORDER AND JUDGMENT ON CONSENT** |

1  This matter, having been commenced by Plaintiffs Van Cleef & Arpels, S.A.
2  and Van Cleef & Arpels, a division of Richemont North America, Inc. (together
3  "VCA" or "Plaintiffs") by filing a complaint against Tru's Diamonds ("Defendant")
4  on March 21, 2019 (the "Civil Action");

Plaintiffs having asserted in the Civil Action claims for trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, based on Defendant's promotion, offering for sale, and sale of jewelry products that use imitations of VCA's federally registered trade dress;

Defendant having agreed to entry of this Final Order and Judgment on Consent (the "Judgment");

Defendant making, in connection with and as inducement for the entry of the Judgment, the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiffs and the Court have relied:

a. Defendant acknowledges VCA's exclusive rights in and to the Alhambra Trade Dress (as defined in the Complaint);

b. As of March 26, 2019, Defendant had ceased promoting, offering for sale, selling, and distributing any product that bears an imitation of the Alhambra Trade Dress or any confusingly similar trade dress (collectively, the "Infringing Products");

c. Defendant has not manufactured any of the Infringing Products;

d. Defendant's sole source for the Infringing Products was a man who visited Plaintiff's store in November 2018 (the "Source"), who Defendant believes was from Hong Kong. The Source did not leave any contact information and Defendant paid for the Infringing Products in cash and no receipt was provided by the Source. Defendant has not seen the source since January 2019;

  e. Defendant has ceased purchasing any products from the Source;

  f. Defendant's total sales from the Infringing Products were $4,385;

  g. Defendant has no remaining inventory of any of the Infringing Products; and

  h. Defendant has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

  This Court having made the following findings and conclusions:

  A. The Court has jurisdiction over the subject matter of the Civil Action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiffs' state law claim under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

  B. The Court has personal jurisdiction over Defendant under Cal. Code Civ. Proc. § 410.10 because Defendant's principal place of business is in this District.

  C. Venue is proper in this District pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b).

  NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

  1. Judgment is granted in favor of Plaintiffs and against Defendant on Plaintiffs' claims for trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.

  2. Defendant shall pay to Plaintiffs the total sum of fifteen-thousand dollars ($15,000) within ten (10) business days of entry of this Judgment.

  3. Defendant, and each of its agents, privies, servants, affiliates, employees, successors, assigns, heirs, and designees, as applicable, and any entity

created, owned, or controlled in whole or in part by Defendant now or in the future, are each hereby permanently enjoined and forever restrained from:

    a. Imitating, copying, or making unauthorized use of the Alhambra Trade Dress, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any products bearing the Alhambra Trade Dress, or any other design that is confusingly similar to the Alhambra Trade Dress;

    b. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with VCA or that any product manufactured, reproduced, distributed, advertised, displayed, promoted, offered for sale, sold, imported, exported, or licensed by Defendant is in any manner associated or connected with VCA, is a genuine product of VCA, or is authorized, licensed, sponsored, or otherwise approved by VCA;

    c. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the Alhambra Trade Dress;

    d. Taking any action inconsistent with VCA's rights or claims of rights in and to the Alhambra Trade Dress; and

    e. Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(d) above, inclusive.

4. Any violation by Defendant of any provision of this Judgment or any error or omission in any of Defendant's representations shall constitute contempt of a Court order, and Plaintiffs shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*, including costs, investigation fees, and reasonable attorneys' fees, as well as the following relief and remedies from Defendant, which remedies are cumulative:

    a. to the extent any of the representations are deemed by the Court to be materially false, Defendant shall pay to Plaintiffs $5,000 for each representation that is false;

  b. liquidated damages in the sum of $10,000 for each individual different product (not type of product, but product) offered for sale in violation of this Judgment;

  c. disgorgement to Plaintiffs of all profits Defendant receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Defendant shall provide a list of all items purchased from third parties and shall disclose the price at which Defendant sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendant and the purchase price it paid;

  d. all investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Judgment;

  e. all of Plaintiffs' costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendant or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

  f. any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

 Defendant shall not challenge Plaintiffs' rights to any of the relief identified in subparagraphs 4(a)-(f), above. In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act or any other law.

 5. This Judgment resolves the claims and demands that were asserted by Plaintiffs in the Civil Action against Defendant and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendant in the Civil Action and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

 6. The parties shall bear their own costs and attorneys' fees.

1       7.     The parties to this Judgment waive all rights to appeal from entry of this Judgment.

8.     Defendant acknowledges that it has obtained advice of counsel with respect to this Judgment. Defendant further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiffs or anyone acting on their behalf other than those set forth herein.

9.     This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

10.     By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

11.     This Judgment is a final judgment.

Dated: December 27, 2019

_____
Hon. Josephine L. Staton
United States District Judge